```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Paul Blackmer

    v.                                                                       Civil No. 12-cv-342-SM

Northern New Hampshire Correctional
Facility, Warden, et al.[1]

## REPORT AND RECOMMENDATION

     Prisoner plaintiff Paul Blackmer has filed a complaint (doc. no. 1) in this court against the warden and corrections officers at the Northern New Hampshire Correctional Facility. The complaint asserts claims challenging the validity of his conviction and sentence and additionally asserts that the defendant prison officials have violated Blackmer's federal constitutional rights by: ordering him to trim his beard, intercepting his inmate request slips, and finding him guilty of insubordination and disrespect. Presently before the court is Blackmer's motion to proceed in forma pauperis in this action, pursuant to 28 U.S.C. § 1915(a).

---

[1] Defendants in this lawsuit are: Northern New Hampshire Correctional Facility ("NCF") Warden Edward Reilly; New Hampshire Department of Corrections Commissioner William Wrenn; NCF Capt. Lambertson, whose first name is unknown ("FNU"); NCF Lt. FNU Masse; and NCF Officers Paul Fortier, FNU Gray, FNU Bolla, FNU Newton, FNU Bigl, FNU Malhoat, and FNU L'Heureux.

**Discussion**

Pursuant to 28 U.S.C. § 1915(g), a prisoner, not in imminent danger of serious physical harm, is barred from filing an action in forma pauperis if the prisoner has, on three or more prior occasions while incarcerated, filed an action "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. Each such dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Upon accumulating three strikes, a prisoner's ability to proceed in forma pauperis in federal court is restricted. See 28 U.S.C. § 1915(g).

Blackmer has filed more than ten lawsuits in this court while incarcerated. In the last four years, this court has dismissed four of Blackmer's cases on the ground that the complaint failed to state a claim upon which relief could be granted:

- Blackmer v. Vinson, No. 10-cv-014-SM, 2010 WL 4140861 (D.N.H. Oct. 21, 2010), aff'd, No. 10-2387 (1st Cir. July 7, 2011);

- Blackmer v. U.S. Dep't of Justice, No. 10-cv-124-SM, 2010 WL 3608336 (D.N.H. Sept. 10, 2010), aff'd, No. 10-2159 (1st Cir. June 2, 2011), cert. petition dismissed, 132 S. Ct. 1600 (Feb. 21, 2012), mot. for recon. denied, 132 S. Ct. 1958 (Apr. 16, 2012);

- Blackmer v. U.S. Social Sec. Admin., No. 10-cv-133-SM (D.N.H. May 17, 2010), aff'd, No. 10-1749 (1st Cir. Mar. 4, 2011), cert. petition dismissed, 132 S. Ct. 799 (2011); and

- Blackmer v. Sweat, No. 08-cv-292-SM, 2008 WL 5120680 (D.N.H. Dec. 3, 2008), aff'd, No. 08-2555 (1st Cir. Oct. 5, 2009), cert. denied, 131 S. Ct. 421 (2010).

Each of these dismissals counts as a strike.[2] As Blackmer accumulated more than three strikes for the purposes of 28 U.S.C. § 1915(g), before filing this action, he is subject to the three-strikes restriction set forth in that statute. He has failed to assert any claim in this case suggesting that he is exposed to an "imminent danger of serious physical injury," for the purposes of the statutory exception to the three-strikes bar. 28 U.S.C. § 1915(g). Accordingly, this court should deny the motion to proceed in forma pauperis. Blackmer should be ordered to pay the filing fee in this case if he intends to proceed with this action. See 28 U.S.C. § 1915(g).

---

[2] This court, on January 5, 2012, dismissed another action filed by Blackmer for failure to state a claim upon which relief can be granted. See Blackmer v. Fortier, No. 11-cv-079-SM, 2011 WL 6960991 (D.N.H. Dec. 13, 2011), report and recommendation adopted, 11-CV-79-SM, 2012 WL 33006 (D.N.H. Jan. 5, 2012), notice of appeal filed, No. 12-1165 (1st Cir. Jan. 26, 2012). As an appeal is pending in that action, the January 5 dismissal is not counted independently as a strike. See Thompson v. Drug Enforcement Admin., 492 F.3d 428, 432 (D.C. Cir. 2007).

## Conclusion

For the foregoing reasons, the court should deny the motion for leave to proceed in forma pauperis (doc. no. 2), and order Blackmer to pay the filing fee of $350 within thirty days, to avoid dismissal of this case. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

September 18, 2012

cc: Paul Blackmer, pro se

LBM:nmd