UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Paul Blackmer

   v.                                               Civil No. 12-cv-342-SM

Northern New Hampshire Correctional
Facility, Warden, et al.[1]

## O R D E R

Before the court are four motions filed by pro se prisoner Paul Blackmer: a motion to amend the exhibits to his complaint (doc. no. 3), a motion to extend time for filing an objection to a report and recommendation (doc. no. 11), a motion to amend his complaint (doc. no. 14), and a motion for the return of a copy of that motion to amend (doc. no. 16).

### Background

Blackmer filed this action, along with a motion to proceed in forma pauperis, in September 2012. The complaint challenges the validity of Blackmer's conviction and sentence and additionally asserts that the defendant prison officials have

---

[1] Defendants in this lawsuit are: Northern New Hampshire Correctional Facility ("NCF") Warden Edward Reilly; New Hampshire Department of Corrections Commissioner William Wrenn; NCF Capt. Lambertson, whose first name is unknown ("FNU"); NCF Lt. FNU Masse; and NCF Officers Paul Fortier, FNU Gray, FNU Bolla, FNU Newton, FNU Bigl, FNU Malhoat, and FNU L'Heureux.

violated Blackmer's federal constitutional rights by: ordering him to trim his beard, intercepting his inmate request slips, and finding him guilty of insubordination and disrespect.

This court, on September 18, 2012, issued a report and recommendation (doc. no. 8), recommending that the court deny the in forma pauperis application, pursuant to 28 U.S.C. § 1915(g), because this court previously had dismissed for failure to state a claim three or more actions filed by Blackmer, and Blackmer had not demonstrated that the exception for prisoners claiming imminent danger of serious physical harm applied in this case. See Report and Recommendation (doc. no. 8) (Sept. 18, 2012). On November 19, 2012, the district judge approved that report and recommendation and ordered Blackmer, by December 19, 2012, to pay the filing fee. Blackmer has not yet paid the fee. Four motions remain pending at this time, and those motions are addressed seriatim.

## Discussion

I.  Motions to Amend

Blackmer has filed two motions seeking leave to amend his complaint (doc. nos. 3 and 14). The first motion (doc. no. 3) seeks leave to add exhibits to his pleadings. The second motion (doc. no. 14) seeks leave to add the following list of New

Hampshire Department of Corrections ("DOC") employees or officials as defendants: New Hampshire State Prison Warden Richard Gerry, Lester Eldridge, Chris Kench, P. Roberts, Darnell A. Bacon, Jon Fouts, First Name Unknown ("FNU") McGrath, FNU Marden, FNU Sullivan, and FNU Havlock. That motion also alleges that: (1) defendants have denied Blackmer access to the courts by seizing his legal papers and restricting his ability to make copies; (2) defendants have violated his First, Eighth, and Fourteenth Amendment rights by placing him in punitive segregation in retaliation for his refusal to shave and for his use of words deemed disrespectful by prison officials; and (3) defendants are incarcerating him unlawfully, insofar as Blackmer maintains that his conviction and sentence were unlawful.

Pursuant to Fed. R. Civ. P. 15(a), motions for leave to amend a complaint should be freely granted, as justice requires. The court finds that the interests of justice and judicial efficiency are promoted by granting both motions to amend the complaint at this time, so that all claims Blackmer seeks to assert in this case may be asserted in one action. Accordingly, both motions to amend (doc. nos. 3 and 14) are granted.

II. <u>Motion to Extend Time</u>

On October 30, 2012, Blackmer filed a motion (doc. no. 11), seeking to extend time to file a response to the September 18, 2012, report and recommendation (doc. no. 8).  Before this court ruled on that motion, Blackmer timely objected to the report and recommendation, <u>see</u> Obj. (doc. no. 13), and the district judge, thereafter, approved that report and recommendation, <u>see</u> Order (doc. no. 15).  The motion to extend time (doc. no. 11) is therefore denied as moot.

III. <u>Motion for Return of Motion to Amend</u>

In his motion to return documents (doc. no. 16), Blackmer has requested that, if the court does not grant his second motion to amend, the court return a copy of that motion to him, including a copy of the exhibits that he filed with the motion. The exhibits at issue include more than a hundred pages of original "inmate" or "grievant" copies of no-carbon-required inmate request slips and grievances, which the clerk's office is currently maintaining conventionally and has not scanned for electronic filing.  Blackmer asserts that he did not retain a copy of any of those exhibits, and that the exhibits "certainly" would be "useful to be exploited in alternate approaches to this or other courts."

Blackmer's present need for a free copy of the motion to amend and the exhibits is not clear.  The court on this date has granted Blackmer's motion to amend (doc. no. 14); and that order moots one predicate for Blackmer's request.  The court further notes that Blackmer had received notice before he filed those documents that a copy charge would be assessed if he asked the court for copies of his filings.  <u>See</u> Order (Oct. 17, 2012) (waiving per-page copy charge on one-time basis).  If Blackmer pays the filing fee in this case before December 19, 2012, as directed, <u>see</u> Order (doc. no. 15), the complaint, including the exhibits, will be ripe for screening, pursuant to 28 U.S.C. § 1915A.  The facts documented in the exhibits do not show that Blackmer is at "imminent danger of serious physical injury," as would be required for him to proceed in this case without paying the full filing fee, pursuant to 28 U.S.C. § 1915(g); that fact calls into question Blackmer's assertion that the documents are certain to be useful for him in any other action in federal court.

Accordingly, the court at this time denies Blackmer's motion (doc. no. 16), seeking a copy of his motion to amend and the exhibits filed along with that motion.  Blackmer is free to renew his request for a copy of those documents, if he pays the

5

copy charge, or shows good cause why the charge should be waived.

## Conclusion

For the foregoing reasons, the court grants Blackmer's motion to amend exhibits (doc. no. 3), and his motion to amend the complaint (doc. no. 14). The court denies the motion to extend time (doc. no. 11). The court denies the motion for return of a copy of the motion to amend (doc. no. 16), without prejudice to Blackmer renewing that request, if he pays the copy charge, or shows good cause why that charge should be waived.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

December 14, 2012

cc: Paul Blackmer, pro se

LBM:nmd